AO 472 (Rev. 3/86) Order of Detention Pending Trial

# United States District Court
## DISTRICT OF KANSAS

UNITED STATES OF AMERICA

v.                                        **ORDER OF DETENTION PENDING TRIAL**

<u>CHARLES B. LITTLEJOHN, JR.</u>          Case Number: 06-20136-01-CM-DJW
*Defendant*

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f) (1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

  ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

☒ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

_____
_____
_____
_____

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by (clear and convincing evidence) (a preponderance of the evidence) that

(See attached pages)

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: January 26, 2007

                                        s/ David J. Waxse
                                        *Signature of Judicial Officer*

                                        DAVID J. WAXSE, U.S. MAGISTRATE JUDGE
                                        *Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

U.S.A. v. Charles B. Littlejohn, Jr.
Criminal Action 06-20136-01-CM-DJW

## Part II - Written Statement of Reasons for Detention

There is a series of factors I have to look at to determine whether there are conditions of release that will reasonably assure your appearance and the safety of the community.  These are set out at 18 U.S.C. §3142(g).

The first factor is the nature and circumstances of the offense charged, including whether the offense is a crime of violence.  By law, possession of a firearm by a felon is a crime of violence, so that is a negative factor.

The next factor is the weight of the evidence.  There has been a Grand Jury indictment, so that is a probable cause determination, which is a negative factor.

The next factor is your history and characteristics, which include your physical and mental condition.  There is nothing there that indicates a problem.

Your family ties would be positive.

Your employment appears to be positive, although there is some question about the Pretrial Services Officer's inability to find where you work.

The next factor is your financial resources.  It does not appear that you have huge amounts of resources that would enable you to flee, although having $1,800.00 in your pockets is of some interest.

Your length of residence in the community is a positive.

Your community ties are positive.

The next factor is your past conduct, which includes history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings. To be candid, that is a big problem.  Not only do you have numerous convictions, but on several occasions you have been released on probation or parole and then not complied with the conditions, which is a

negative.

The next issue is whether at the time of the current offense or arrest you were on probation or parole, and it appears you were.

The final factor is the nature and seriousness of the danger to any person or the community that would be posed by your release.  Any time that a firearm is involved, that is a danger to the community.

Considering all these factors, and primarily the fact that you are asking me to set conditions and then assume you are going to comply with them, when on numerous occasions in the past you have been released on conditions of probation or parole and not complied with them, I cannot find that there are any conditions that will adequately protect the community. You will remain detained.